Gary Casper McKINNEY, Appellant,

v.

Honorable Daniel J. VENTERS, Judge, Pulaski Circuit Court, Appellee (Nominal Party),

and

Commonwealth of Kentucky, Appellee (Real Party in Interest).

No. 96–SC–207–MR.

Supreme Court of Kentucky.

Aug. 29, 1996.

Rehearing Petition Dismissed Dec. 19, 1996.

Michael L. Williams, Nancy Bowman–Denton, Department of Public Advocacy, Frankfort, KY, for appellant.

A.B. Chandler, III, Attorney General, David A. Smith, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, KY, for appellee, Commonwealth of Kentucky, Real Party In Interest.

Daniel J. Venters, Judge, Pulaski Circuit Court, Somerset, KY, for Appellee, Hon. Daniel J. Venters, Nominal Party.

## OPINION

LAMBERT, Justice.

This is an appeal from the Court of Appeals' denial of a writ of prohibition or mandamus concerning the intended DNA testing of blood evidence. Appellant is charged with, among other things, three counts of murder in the death of his wife and two stepchildren.

Blood stains appear to have been found on articles of clothing belonging to appellant. Because of the size of the stains, a special type of DNA testing, Amp–FLP PCR, will be required as regular DNA testing, using the RFLP method, would produce an unreliable result. However, the method and nature of Amp–FLP PCR testing will destroy the samples.

Appellant sought to prevent the Commonwealth from conducting the anticipated tests until a hearing could be held to determine: 1) whether he could depose chemists and lab technicians prior to testing; 2) the best available method of testing under the circumstances; and 3) whether the test results would be admissible at trial.

After the hearing on appellant's motions, the trial court determined as follows:

The Commonwealth is hereby granted leave of Court to proceed with DNA analy-

sis of the evidence in its possession. Prior to the commencement of any testing which will destroy the evidence or render it unsuitable for further testing, the Commonwealth shall give at least two (2) weeks notice to the counsel for the Defendant. Counsel for the Defendant, or any appropriate expert shall be permitted to attend and observe the testing or analysis of said evidence. The Defendant shall be granted, pursuant to KRS Chapter 31, funds necessary to employ an expert for the purpose of observing the DNA analysis of the evidence.

The Court shall conduct a hearing to determine the admissibility of DNA analysis at the appropriate time after the Commonwealth indicates that it will seek to offer such evidence. The Defendant's request to conduct such a hearing prior to testing is inappropriate as it presumes that the analysis will be offered as evidence regardless of its results. Until the Commonwealth indicates that it will offer the analysis as evidence and establishes the relevance of such analysis, it is premature for the Court to conduct a *Frye* or *Daubert* hearing on DNA analysis. The Court will conduct such a hearing if necessary at the appropriate time.

*Commonwealth v. McKinney*, No. 95–CR–00058, at 3–4 (Sept. 27, 1995). We agree with this treatment of the issue.

There is no provision in the rules of practice or the decisions of this Court which allows a defendant to dictate the method of DNA testing chosen by the Commonwealth, and regrettably, some scientific tests destroy the thing being tested. The role of the trial court is to decide, after testing is completed and the results are offered as evidence, whether such test results are admissible. *Mitchell v. Commonwealth*, Ky., 908 S.W.2d 100 (1995). At that time, appellant can make his arguments against the propriety of the testing procedures and seek exclusion of the results as evidence if they are offered as such by the Commonwealth.

In its order, the trial court stated that appellant would be given ample notice of the date of testing and would be allowed to have "any appropriate expert ... to attend and observe the testing or analysis of [such] evidence," He was also granted a right to "funds necessary to employ an expert for the purpose of observing the DNA analysis of the evidence." *Commonwealth v. McKinney*, No. 95–CR–00058, at 3 (Sept. 27, 1995).

 The time for a judicial determination as to the admissibility of a scientific test result is after testing has been completed and the result offered as evidence. If the trial court holds such result to be admissible, and the defendant is convicted, redress is through the process of appeal.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

STEPHENS, C.J., and BAKER, GRAVES, KING, LAMBERT, STUMBO, and WINTERSHEIMER, JJ., concur.